# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DAVID R. ECKMYRE,

        Petitioner,               Case Number: 06-CV-14178

v.                                         HON. VICTORIA A. ROBERTS

BLAINE LAFLER,

        Respondent.
_____/

## OPINION AND ORDER (1) GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND (2) ADMINISTRATIVELY CLOSING CASE

Petitioner David R. Eckmyre has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Mid-Michigan Correctional Facility in St. Louis, Michigan, challenges his conviction for second-degree criminal sexual conduct. Petitioner has now filed a Motion to Stay Proceedings so that he may return to state court to present an unexhausted claim. The Court shall grant Petitioner's motion, stay the present petition provided that Petitioner promptly files a claim for collateral review in state court, and administratively close the matter.

## I.

Following a jury trial in Kent County Circuit Court, Petitioner was convicted of second-degree criminal sexual conduct. He was sentenced to five years probation, with the first year to be served in jail. Shortly after Petitioner was released on probation, he violated the terms of probation by engaging in assaultive behavior. He was sentenced to two to fifteen years imprisonment.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals,

presenting the following claims for relief:

    I.    Defendant was denied a fair trial and his right to a properly instructed jury by the incomplete and erroneous instructions given to the jury by the trial court on numerous key points of the law.

    II.    Defendant was denied a fair trial through the ineffective assistance of counsel who failed to object to the incomplete and erroneous instructions given to the jury by the trial court on numerous key points of the law.

    III.    The trial court erred when under MRE 404(B) it allowed evidence of Defendant-Appellant's prior bad acts that showed a propensity to commit the offense where the evidence did not show a common scheme, was not relevant to the charged offense, and the prejudice . . . greatly outweighed the probative value.

    IV.    Defendant-Appellant's rights to due process and a fair trial were violated by the prosecution's numerous commissions of misconduct.

    V.    The scoring of Defendant-Appellant's offense variables were erroneous and Defendant-Appellant's subsequent probation caused an excessive sentence to be imposed and violated certain of Defendant-Appellant's Federal and State constitutional rights.

The Michigan Court of Appeals affirmed Petitioner's conviction and sentence. *People v Eckmyre*, No. 252872, 253861 (May 3, 2005).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court raising the following claims:

    I.    Defendant was denied a fair trial and his right to a properly instructed jury by the incomplete and erroneous instructions given to the jury by trial court on numerous key points of the law.

    II.    Defendant was denied a fair trial through the ineffective assistance of counsel where he failed to object to the incomplete and erroneous jury instructions given by the trial court on numerous key points of the law.

    III.    The trial court erred under MRE 404(B) when it allowed evidence of Defendant's prior bad acts where the evidence did not show a common scheme, was not relevant to the charged offense, and the prejudice greatly outweighed the probative value.

2

IV. Defendant's rights to due process, equal protection, and fair trial were harmfully violated by the prosecutor's numerous occasions of misconduct.

V. The conditions of which revocation of probation were improperly imposed as it bore no relationship to Defendant's rehabilitation.

VI. The Defendant's offense variables were erroneous and subsequent probation caused an excessive sentence to be imposed and violated certain defendant's Federal and State constitutional rights.

VII. The Court of Appeals, prosecutor, and the trial court refused to consider that the defense counsel's refusal to see that two witnesses who were available at the trial, who provide material exculpatory evidence denied due process, equal protection, and fair trial.

VIII. Matters of religious beliefs of defendant, and defendant's wife, were improperly put before the jury.

IX. Evidence to partiality of witness [which] was relevant to discredit the witness was unduly denied at trial.

X. Defendant had ineffective assistance of counsel at trial by his attorney's refusal to object to the facts and issues raised on this appeal. It was constructive denial of counsel.

XI. Defendant was denied effective assistance of counsel when the State fired the Defendant's original attorney and appointed a new attorney one-half hour prior to the Defendant's probation hearing.

The Michigan Supreme Court denied leave to appeal. *People v Eckmyre*, Nos. 128924, 128925 (Mich. Apr. 5, 2006).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the following claims:

I. Denied fair trial by missing, incomplete, erroneous, and failure to give option instruction given to jury by trial court.

II. Denied fair trial due to ineffective assistant counsel, which was State appointed.

III. Denied fair trial due to the evidence allowed by trial court, including the ones challenged under 404(b), which include uncharged, alleged "bad acts."

3

IV. Denied fair trial by the prosecution's numerous commissions of misconduct, which greatly affected the outcome of trial.

V. Denied a fair trial due to a violation of right of partiality of witness.

VI. The conditions of which Revocation of Probation were improperly imposed and bore no relationship to the Petitioner's rehabilitation.

VII. Petitioner was denied fair Probation Revocation hearing due to improperly instructed counsel, of which a properly instructed counsel was replaced only minutes prior to the hearing, and that the hearing was pre-determined by the Probation Counselor way before hearing was held.

VIII. The scoring of offense variable were erroneous and the Petitioner's subsequent probation caused an extensive sentence to be imposed.

**II.**

Petitioner has filed a Motion to Stay Proceedings so that he may present an unexhausted claim in state court. In addition, Respondent argues that several of Petitioner's ineffective assistance of counsel claims are unexhausted.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." Rhines v. Weber, 544 U.S. 269, 278 (2005).

Petitioner implicitly argues that his unexhausted claims were not presented in state court because his attorney was ineffective. An appellate attorney cannot be expected to raise his own ineffective assistance on appeal. Combs v. Coyle, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the Court finds that Petitioner has asserted good cause for failing previously to present his

4

unexhausted claims in state court. In addition, the Court finds that these claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. *See* Rhines, 544 U.S. at 277-78. Therefore, the Court shall grant the motion and stay further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See* Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See* id. Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See* id.; Abela v. Martin, 348 F.3d 164, 170 (6th Cir. 2003) (holding that "the limitations period is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application"). "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." Palmer, 276 F.3d at 781 (internal quotation omitted).

**III.**

Accordingly, it is **ORDERED** that Petitioner's Motion to Stay Proceedings [dkt. #26] is **GRANTED**. If Petitioner fails to file a motion for relief from judgment with the state trial court within **sixty days** from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner shall file a motion to lift the stay and an amended petition in this Court within **sixty days** after the conclusion of the state court proceedings. If Petitioner files an amended petition, Respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **twenty-one days** thereafter.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 19, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on May 19, 2008.

s/Carol A. Pinegar
Deputy Clerk